**Harry Edison HACKWORTH**

v.

**Olin G. BLACKWELL, Warden.**

**Civ. A. No. 12519.**

United States District Court
N. D. Georgia,
Atlanta Division.

March 6, 1969.

Harry Edison Hackworth, pro se.

Theodore E. Smith, Asst U. S. Atty., Atlanta, Ga., for respondent.

## ORDER

EDENFIELD, District Judge.

Petitioner, a prisoner at the Atlanta penitentiary, seeks to file in forma pauperis a petition for the writ of habeas corpus. It may be so filed.

Petitioner alleges that he is being confined at the United States Penitentiary in Atlanta in violation of his constitutional rights. The allegations he makes in support of this claim are (1) that federal authorities have conspired with the Kenton Circuit Court, Covington, Kentucky, to keep him certified in the Kentucky court as a person of unsound mind; (2) that certain irregularities in his 1966 trial in the Northern District of Texas, which resulted in the sentences he is presently serving, rendered his conviction and sentences unlawful; and (3) that he is being denied credit for the time he spent in custody prior to sentencing.

The first two grounds upon which petitioner challenges the legality of his detention are obviously without merit. This court is without power to

have petitioner adjudicated sane by a Kentucky court. That is a matter entirely beyond the court's jurisdiction.

 As to the second allegation, any attack upon the legality of the sentence under which petitioner is in custody must be made in the sentencing court itself, pursuant to 28 U.S.C. § 2255. It appears from the petition that such an action has already been considered by the Texas court and that the claim was denied. The mere fact that he failed to obtain the requested relief does not make the § 2255 remedy "inadequate and ineffective" so as to confer upon this court jurisdiction to hear the claim. Barkan v. United States, 341 F.2d 95 (10th Cir., 1965), cert. denied, 381 U.S. 940, 85 S.Ct. 1773, 14 L.Ed.2d 703.

As to the allegation that petitioner is being denied credit for pre-sentence custody time, respondent has informed the court that on March 4, 1966, petitioner was sentenced by the United States District Court for the Northern District of Texas to three five-year concurrent terms, pursuant to 18 U.S.C. §§ 495 and 1708. On September 13, 1967, the United States District Court for the Eastern District of Louisiana imposed a three-year sentence for violation of 18 U.S.C. § 1707, the sentence to run concurrently with those imposed in 1966 by the Texas court. Two of the three sentences imposed by the Texas court were maximum sentences, and thus jail time would ordinarily be granted under the rationale of Sellers v. United States, D.C., 283 F. Supp. 891 (1967), aff'd., sub nom. United States v. McCullough, 405 F.2d 722 (5th Cir., January 3, 1969). However, since the third Texas sentence was less than the ten-year maximum provided by statute, and the Louisiana sentence was less that the five-year maximum provided by statute, there is a conclusive presumption that petitioner has been allowed jail time on those sentences, Bryans v. Blackwell, 387 F.2d 764 (5th Cir., 1967). To require that jail time be allowed on the other two sentences would, in the circumstances, be a futile gesture for the petitioner would still have to remain in custody for five years to complete the less-than-maximum sentence imposed by the Texas court.

Records at the Atlanta penitentiary indicate that petitioner's sentences should expire, with all creditable good time allowed, on September 26, 1969.

The petition is therefore denied.