**Carl Lynton PARKER,**

v.

**Mr. V. Lee BOUNDS, Commissioner, North Carolina Department of Correction, and State of North Carolina.**

Civ. No. 2801.

United States District Court,
E. D. North Carolina,
Raleigh Division.

Aug. 11, 1971.

Carl Lynton Parker, per se.

Robert Morgan, Atty. Gen., Jacob L. Safron, Asst. Atty. Gen., Raleigh, N. C., for respondent.

## ORDER

BUTLER, Chief Judge.

This is an application for writ of habeas corpus. The facts are not in dispute. Petitioner, a state prisoner, was convicted at the September 2, 1969, Session of the Cumberland County Superior Court upon his plea of guilty to an in-

dictment charging him with a crime against nature. The maximum statutory sentence of 10 years was imposed. Petitioner did not appeal.

Petitioner's only ground for relief is that he is entitled to credit for the time spent in jail between the time of his arrest and the time of his sentence.[1] While exhaustion of state remedies is normally a prerequisite to consideration by federal courts of habeas corpus claims, it has been held that where proceeding in the state courts would be ineffective, the exhaustion requirement is satisfied. 28 U.S.C. § 2254(b); Ralph v. Warden, Maryland Penitentiary, 438 F.2d 786 (4th Cir. 1970) (footnote 1); Evans v. Cunningham, 335 F.2d 491, 493 (4th Cir. 1964). Respondent correctly concedes that current North Carolina case law makes state proceedings ineffective. *See,* State v. Virgil, 276 N.C. 217, 172 S.E. 2d 28 (1970); State v. Walker, 7 N.C. App. 548, 172 S.E.2d 881 (1970). Thus the only question presented to this court is whether one is constitutionally entitled to credit for time spent in jail prior to imposition of a state sentence.

Respondent contends that whether petitioner is entitled to such credit is a matter of state law. Burns v. Crouse, 339 F.2d 883 (10th Cir. 1964), cert. den. 380 U.S. 925, 85 S.Ct. 930, 13 L. Ed.2d 811 (1965); Gross v. Sarver, 307 F.Supp. 1105 (E.D.Ark.1970); Sanders v. South Carolina, 296 F.Supp. 563 (D. S.C.1969); Newell v. Page, 280 F.Supp. 203 (N.D.Okl.1968). See also, Arsad v. Henry, 317 F.Supp. 162 (E.D.N.C.1970). This court, however, is of the opinion that recent federal court decisions raise a question as to whether failure to give credit for pre-trial detention violates the Constitution in any of three ways: (1) Fifth and Fourteenth Amendment double jeopardy; (2) Eighth and Fourteenth Amendment cruel and unusual punishment; and (3) Fifth and Fourteenth Amendment equal protection.

It is evident that petitioner's claim raises constitutional questions. See, Wright v. Maryland Penitentiary, 429 F.2d 1101 (4th Cir. 1970). In North Carolina v. Pearce, 395 U.S. 711, 718– 719, 89 S.Ct. 2072, 2077, 23 L.Ed.2d 656 (1969), the Supreme Court held:

> * * * [T]he constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully "credited" in imposing sentence upon a new conviction for the same offense. * * *

Here petitioner was given the maximum sentence.[2] The *Pearce* rationale suggests that credit should be given for time spent in custody prior to commitment. In Culp v. Bounds, 325 F.Supp. 416 (W. D.N.C.1971), the court said:

> Pre-trial detention is nothing less than punishment. An unconvicted accused who is not allowed or cannot raise bail is deprived of his liberty. His incarceration is indistinguishable in effect from that of one * * * who is retried after obtaining postconviction relief. In both instances, the power of the state has been utilized to punish the complainant.

*See also,* Wilson v. North Carolina, 438 F.2d 284 (4th Cir. 1971); Wright v. Maryland Penitentiary, 429 F.2d 1101 (4th Cir. 1970).

The fixing of penalties for criminal acts is a legislative function and a sentence will not be considered as cruel and unusual punishment if it is within

---

1. Petitioner alleges that he was arrested on April 17, 1969. Respondent does not deny this allegation, but relies solely on the contention that petitioner is not entitled to such credit.

 Subsequent to the filing of all the pleadings in the case, the General Assembly of North Carolina enacted a statute providing credit for time spent in confinement prior to the commencement of sentence. Chap. 957, Session Laws 1971, ratified July 19, 1971. This statute became effective upon its ratification. It is prospective only and is not applicable to the case at bar.

2. The court does not consider whether a petitioner would be entitled to such credit where he has received less than the maximum sentence.

the statutory limits. *See,* United States v. Lloyd, 431 F.2d 160 (9th Cir. 1970); United States v. Tobin, 429 F.2d 1261 (8th Cir. 1970); Andrus v. Turner, 421 F.2d 290 (10th Cir. 1970); United States v. King, 420 F.2d 946 (4th Cir. 1970).

 There is no real distinction between pre-trial and post-sentence detention. Petitioner was in jail approximately 4 months and 17 days prior to sentence. Clearly that detention must be classified as punishment. Should petitioner serve the entire 10 year sentence he will have endured punishment for more than 10 years for a crime with a maximum penalty of 10 years. This constitutes not only double jeopardy but also cruel and unusual punishment prohibited by the Fifth and Eighth Amendments as made applicable to the States by the Fourteenth Amendment.

The court further is of the opinion that the State's refusal to give petitioner credit for his pre-trial detention is an unconstitutional discrimination prohibited by the Fourteenth Amendment. *See, e. g.* Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). *Cf.* Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L. Ed.2d 113 (1971). Petitioner was charged with a bailable offense. Under such a charge wealthy defendants are able to remain out of jail until conviction and commitment; the indigent stay behind bars. The situation may be compelled by current State bail procedures and may even be unavoidable. Yet it can be and must be remedied by allowing credit to such prisoners incarcerated prior to trial. Now, therefore,

It is ordered that petitioner be given full credit for time spent in custody before commitment and that the State of North Carolina file in the office of the Clerk of this court in Raleigh, North Carolina, within 30 days from date of service of this order, a statement certifying whether or not said State has provided petitioner with credit on his sentence in accordance with this order, and the State shall serve a copy of said statement by mail upon the petitioner.