Marshall K. SCHRETER, Petitioner-Appellant,

v.

J. J. CLARK, Warden, Respondent-Appellee.

No. 71–3506

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 5, 1972.

Marshall K. Schreter, pro se.

John W. Stokes, U. S. Atty., E. Ray Taylor, Jr., Atlanta, Ga., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

The district court's denial of the appellant's mandamus petition is affirmed for the reasons stated in the final order,[1] which is appended hereunto.

Affirmed.

---

\* [1] Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. The district court did not specifically rule on appellant's claim that he is entitled to immediate release because of a presentencing psychiatric recommendation

APPENDIX

ORDER

Filed: Jul. 22, 1971

United States District Court

Northern District of Georgia
Atlanta Division

Marshall K. Schreter

Civil Action

versus

No. 15289

J. J. Clark

Petitioner, a federal prisoner incarcerated at the Atlanta Federal Penitentiary, by a petition filed June 8, 1971, and supplemented on June 18, 1971, moves the court for a writ of mandamus under 28 U.S.C. § 1361 to order respondent to give him credit for pre-sentence jail time served. The petition was allowed to be filed in forma pauperis.

Petitioner alleges that he has been denied credit against his sentence for four (4) months and twenty-eight (28) days spent in custody between arrest and sentencing. Petitioner alleges that he was so incarcerated because of his inability to post the required bond. In his petition he alleges that he was convicted of violations of 18 U.S.C. § 2113(b) and (d), and sentenced pursuant to 18 U.S.C. 4208(b) and (c). He alleges that he received two ten (10) year sentences, to run concurrently.

Petitioner has submitted as Exhibit I a letter from the Bureau of Prisons substantiating his claim of exhaustion of administrative remedies. As Exhibit II petitioner has submitted a copy of a document styled Prisoner Custody, Detention, and Disposition Record, which is evidence of the 148 days which he spent in confinement prior to sentencing.

Petitioner's judgment and commitment papers on file at the penitentiary substantiate petitioner's factual allegations. The record shows that he was convicted of taking by force, violence and intimidation, monies from a federally insured bank and putting lives in danger by use of a dangerous weapon in committing such act. That charge is 18 U.S.C. § 2113(d), for which the maximum penalty is twenty-five (25) years, and on which count petitioner received a sentence of ten (10) years, substantially less than the maximum.

The other conviction finds him guilty of taking with intent to steal, monies from federally insured bank, an offense covered by 18 U.S.C. § 2113(a) and (b), which carry maximum sentences of twenty (20) and ten (10) years respectively. Petitioner received a sentence of ten (10) years on this count; thus he *may* have received the maximum sentence.

The rule in the Fifth Circuit in regard to pre-sentence jail time served before the effective date of the 1966 amendment to 18 U.S.C. § 3568 is that, "Wherever it is possible, as a matter of mechanical calculation, that credit could have been given, we will conclusively presume it was given." Bryans v. Blackwell, 387 F.2d 764 at 767 (5th Cir. 1967).

In a case factually similar to the present one, where petitioner had received the maximum sentence on all but one sentence, the court held that the conclusive presumption did apply. Hackworth v. Blackwell, 304 F.Supp. 844 (N.D.Ga.1969).

"[S]ince the third Texas sentence was less than the ten-year maximum provided by statute, . . . there is a conclusive presumption that petitioner has been allowed jail time on [that] sentence. * * * To require that jail time be allowed on the other two sentences would, in the circumstances, be a futile gesture for the petitioner would still have to remain in custody for five years to complete the less-than-maximum sentence imposed by the Texas court." at 844–845.

that he receive a sentence of no more than ten years (he actually received concurrent 10-year sentences) and that he be paroled within three years. This contention is devoid of merit as a matter of law.

The court agrees with the analysis of the Hackworth case. Since petitioner did receive less than the maximum sentence on his conviction on 18 U.S.C. § 2113(d), there is a conclusive presumption that his presentence jail time was taken into consideration by the trial court in sentencing him on that charge. And, as petitioner's two sentences for ten years are to be served concurrently, crediting jail time against one of the ten-year sentences would not reduce his actual time to be served.

Accordingly, the petition is dismissed.

It is so ordered.

This, the 21 day of July, 1971.

(Signed RICHARD C. FREEMAN

RICHARD FREEMAN

United States District Judge