501 P.2d 1202

**STATE of Arizona, Appellee,**

v.

**Rodney Allen RIDER, Appellant.**

**No. I CA–CR 435.**

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 19, 1972.

Gary K. Nelson, Atty. Gen. by Louis A. Moore, Jr., Asst. Atty. Gen., for appellee.

Rodney Allen Rider in pro. per.

STEVENS, Presiding Judge.

Rodney Allen Rider, herein referred to as the defendant, pled guilty to the offense of burglary in the second degree, an offense which carries a permissible maximum sentence of five years. He was sentenced to a term of not less than three years and not more than five years, the same to date from 3 June 1971. This appeal followed.

In the initial stages of this appeal the defendant was represented by the Public Defender of Maricopa County who filed an ANDERS type brief raising two questions. First he urged that the record did not set forth the factual basis for the plea and second he questioned the failure of the trial court to give the defendant credit for the full time he had been incarcerated before sentence. This Court permitted the Public Defender to withdraw and entered its order authorizing the defendant to supplement the opening brief which had been filed by the Public Defender. No supplement was filed. The Attorney General filed his answering brief and when the time for a reply brief expired the Court gave consideration to the file. It was discovered that through inadvertence the answering brief had been sent to the Public Defender and not to the defendant. The Court then caused the answering brief to be reproduced and to be sent to the defendant and by its order allowed further time for a reply by the defendant. The defendant answered by letter, the reading of which discloses that he admits the burglary and that he appealed because he felt he was entitled to credit for his time in incarceration prior to the sentence. He also advised that while serving his sentence he has completed his G.E.D. (A G.E.D. is a certificate that the individual has attained a degree of education which is the equivalent of a high school diploma.)

FACTUAL BASIS

A study of the record fully documents a factual basis for the plea.

TIME CREDIT

Rule 338 of the Rules of Criminal Procedure, 17 A.R.S., and A.R.S. § 13-1652 both provide that the sentence shall state the date from which it shall commence to run. The statute also provides that in the absence of a specification of a different date, the time commences to run as of the date of the defendant's arrival at prison.

We have reviewed the time elements and find the following:

The offense occurred on 21 February 1970 and the defendant together with his companion were promptly arrested and placed in confinement. The filing of the complaint in Justice Court and the preliminary hearing proceeded with reasonable dispatch resulting in the filing of an information on 7 April charging the defendant and his companion with two counts, the first count being burglary and the second count being grand theft.

On the initial trial date there was a defense request for a mental examination of the defendant. This examination was conducted and on 7 August 1970 he was declared fit for trial at which time a new trial date was selected. On 29 October 1970 the defendant pled guilty to the charge of burglary in the second degree and, having roots in the community, was released on his own recognizance. He failed to appear on the day set for sentence and a bench warrant was issued. He was apparently apprehended on 3 June 1971, the date the trial judge selected as the date for the commencement of the sentence. His long absence was not explained but the record reflects that he, shall we say, had not conducted himself as a model citizen. At the time of the judgment of guilt and the pronouncement of sentence on the burglary count, the count charging

grand theft, which carries a maximum of ten years, was dismissed. The reporter's transcript of the preliminary hearing shows an adequate factual basis for the grand theft charge. These facts coupled with the defendant's problems prior to the commission of the offense in question lead us to the opinion that the discretion exercised by the trial judge in not giving him "credit" for the period of confinement between his initial arrest and 29 October 1970 when he was released on his own recognizance was a sound exercise of the judicial discretion granted by the above-referred to rule and statute.

### THE RECORD

We have examined this record for fundamental error under A.R.S. § 13–1715. On the day of the pronouncement of the sentence the defendant sought leave to withdraw his plea of guilty. The record reflects that the chief basis for this request lay in matters which defendant asserted had occurred in the jail after his arrest on the bench warrant on 3 June 1971. We concur in the order denying leave to withdraw the plea of guilty. Our search of the record discloses no error.

Affirmed.

CASE and DONOFRIO, JJ., concur.