**Robert J. MONSOUR, Petitioner,**

v.

**Ramon L. GRAY, Warden, Respondent.**

**No. 72–C–446.**

United States District Court,
E. D. Wisconsin.

April 17, 1973.

---

Anthony J. Theodore, Atty., Corrections Legal Services Program, Madison, Wis. (Attorney for Petitioner on the Robert J. Monsour case), for petitioner.

William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

## OPINION

TEHAN, District Judge.

This petition for issuance of the writ of habeas corpus is before the court on the pleadings and briefs and oral argument of counsel.

Petitioner challenges the validity of the sentences he is serving on the ground that the sentencing judge did not credit him with 128 days of preconviction custody in a county jail exclusively attributable to his inability to post bail. He requests this court to order respondent to credit him with the amount of preconviction custodial time and with the amount of good time he would have earned had said time counted as part of the sentences imposed on him, and, further, to declare invalid on its face and as applied to him former § 959.07, now § 973.15(1), Wis.Stats., which provides for exclusion from the computation of time to be served under a term of imprisonment of any presen-

tence time spent on bail or in custody at a county jail.

The record shows that on June 10, 1969, petitioner was convicted on his pleas of guilty of four counts of uttering false prescriptions to obtain dangerous drugs in violation of § 151.07(9); four counts, worthless checks, under § 943.24(1); one count, fraud on a motel keeper, under § 943.21; one count of uttering a false prescription to obtain narcotic drugs, under § 161.17(1); and one count of aggravated battery, contrary to § 940.22, all Wis.Stats. He was sentenced to one indeterminate term of not more than five years on the aggravated battery count and indeterminate terms of not more than one year each on the other counts, the one year terms to be served concurrently with each other and consecutively to the five year term. Although petitioner's pleas of guilty exposed him to some seventeen years of imprisonment, the cumulative term imposed on him does not exceed six years.

Petitioner submits that the failure to credit him with the 128 days preconviction jail time and with the good time he would have earned with respect to his incarceration were it considered as service of his sentence, impairs his constitutional right against double jeopardy, subjects him to cruel and unusual punishment, and denies him the equal protection of the laws by discriminating against him on account of his poverty which rendered him unable to raise bail, thereby subjecting him to preconviction custody and a total time of incarceration greater than that in the case of persons financially able to make bond.

█ Incidents of discrimination in criminal proceedings occasioned by poverty are deemed in violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution. This principle has been applied in cases of incarceration solely attributable to poverty, Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 38 L.Ed.2d 130 (1971) and to financial inability to meet preconviction bail, White v. Gilligan, 351 F.Supp. 1012 (S.D.Ohio, 1972); Parker v. Bounds, 329 F.Supp. 1400 (E.D.N.C.1971); Culp v. Bounds, 325 F.Supp. 416 (S.D.N.C. 1971.) [1] The *Parker* and *Culp* cases both involved imposition of the statutory maximum penalty for the offenses of which the petitioners had been convicted, which terms, when added to the preconviction period, exceeded the maximum penalty provided by law.

█ In other cases where the sentence imposed was less than the statutory maximum period provided for the offense, a number of courts have recognized a conclusive presumption that the sentencing judge in fact considered the pretrial custodial time in determining the term of imprisonment. See Holt v. United States, 422 F.2d 822 (7th Cir. 1970) and Schreter v. Clark, 457 F.2d 1305 (5th Cir. 1972). Such a presumption cannot prevail in the instant case because the judge, in responding to petitioner's inquiry concerning credit for pretrial custodial time, advised him that he had no authority to give such credit, with the further comment that "he would not be inclined to change the sentence previously imposed." [2]

█ The court is of the opinion that, under recent authorities cited above, the equal protection clause proscribes an absolute bar to consideration of preconviction custody occasioned solely by financial inability to make bail in determining the term of imprisonment to be served on conviction. Accordingly, insofar as the sentence imposed on petitioner was premised on the judge's assumption that he had no authority to credit him with preconviction custodial time, it cannot stand.

---

1. See also, Pruett v. State of Texas, 468 F. 2d 51 (5th Cir. 1972) affirmed as modified on rehearing en banc, 470 F.2d 1182, Jan. 4, 1973.

2. Exhibit A, Petitioner's Traverse.

However, since the Wisconsin Supreme Court in State v. Tew, 54 Wis.2d 361, 195 N.W.2d 615 (1972) apparently did not consider the provisions of § 973.-15(1), Wis.Stats., a bar to its decision that the length of presentence incarceration is a relevant factor in sentencing discretion, a determination of the constitutionality of that statute is not appropriate in this case.

Petitioner also seeks credit for the good time he would have earned with respect to the 128 days of presentence custodial time had this counted as service of his sentence. It has recently been held in McGinnis v. Royster, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973) that a statutory classification whereunder there was a denial of good time credit with respect to the determination of a minimum parole eligibility date although allowing it for other purposes, had a rational basis premised on rehabilitative considerations. Since the statutory scheme provided for preconviction custodial time credit against a sentence, the issue before the court involved only the additional allowance of good time earned thereon.

In the instant case, the State submits that the crediting of jail time against a subsequently imposed prison sentence could be prejudicial to the rehabilitative progress which is a purpose of the sanction of a term of imprisonment. Further, it is claimed that the allowing of good time credit with respect to preconviction custodial time would entail various record keeping procedures by the custodian. It appears to the court that these arguments without further substantiation[3] do not suffice to bar the grant of relief, particularly where the Wisconsin Supreme Court has indicated that preconviction time spent in a county jail may be considered as a factor in sentencing.

The fashioning of an appropriate remedy in this case is not without difficulty. A first consideration is the demand of the equal protection clause based on the fact that petitioner's indigency occasioned his preconviction detention. Further, no sufficient basis has been shown in this case to support a finding that allowance of credit would impair the reasonable objective of the state of accomplishing a rehabilitative aim by imprisonment.[4] On the other hand, while there can be no conclusive presumption that petitioner was allowed credit for his preconviction incarceration, the leniency in the total term imposed cannot be disregarded.

In view of these considerations, the court is of the opinion that law and justice are met in this case if the grant of relief gives the state the alternatives of either automatically crediting the period of time petitioner spent in preconviction custody together with the amount of good time he would have earned thereon had this period been served in the State prison, or of submitting the case to the sentencing court for reconsideration in light of State v. Tew, *supra,* and the demands of the equal protection clause of the Fourteenth Amendment of the Constitution of the United States.

Counsel for petitioner is hereby directed to prepare an order granting relief as defined above and specifying the exact number of days to be credited against petitioner's total sentence, submitting the same to counsel for respondent for approval as to form only.

---

3. Compare the record as it appears from the opinion in McGinnis v. Royster, *supra.*

4. Compare Morales v. Schmidt, 489 F.2d 1335, 1343 (7th Cir., decided January 17, 1973).