509 P.2d 718

The STATE of Arizona, Appellee,

v.

John Edward POSTELL, Appellant.

No. 1 CA–CR 466.

Court of Appeals of Arizona,
Division 1, Department A.

May 10, 1973.

Gary K. Nelson, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

OGG, Judge.

The sole question in this appeal is whether this defendant was denied his rights under the Fifth and Fourteenth Amendments to the United States Constitution when he received a maximum sentence without credit for 54 days spent in pretrial incarceration.

This defendant was charged with the crime of Assault with Intent to Commit Murder in violation of A.R.S. § 13–248, subsec. B, as amended. Pursuant to an apparent plea bargain, the defendant later pleaded guilty to an amended information charging aggravated assault and battery in violation of A.R.S. § 13–245, subsec. A, as amended. Upon this guilty plea the trial court suspended imposition of sentence for a three year period and placed the defendant on probation.

As a result of another shooting incident, the trial court—after a proper revocation hearing—sentenced the defendant to prison for a period of not less than four years and eleven months nor more than five years, under the provisions of A.R.S. § 13–245, which carries a maximum five year sentence. The court gave the defendant credit for time spent in the Maricopa County Jail after his arrest while awaiting his revocation hearing, but the court did not credit him with the 54 days served prior to his original release on probation. The defendant now appeals from this sentence.

The defendant claims this sentence placed him in double jeopardy and denied him equal protection of the law in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution. The 54 days' pretrial incarceration, when added to the minimum 4 years, 11 months or to the maximum 5 year term of the sentence imposed, exceeds the five year maximum sentence authorized under A.R.S. § 13–245.

The law is well settled that when the actual sentence imposed plus the time in jail does not exceed the maximum sentence which could be imposed, it will be conclusively presumed that the sentencing court gave the defendant credit for all pre-sentence time spent in jail. State v. Kennedy, 106 Ariz. 190. 472 P.2d 59 (1970); State v. Gordon, 19 Ariz.App. 339,

507 P.2d 678 (1973); Schreter v. Clark, 457 F.2d 1305 (5 Cir. 1972).

The appellate courts of this state have consistently held that the decision of crediting a defendant for time spent in pretrial incarceration was discretionary with the trial court. State v. Kennedy, supra; State v. Sanchez, 19 Ariz.App. 253, 506 P.2d 644 (1973); State v. Phillips, 16 Ariz.App. 174, 492 P.2d 423 (1972).

A close reading of State v. Kennedy, supra, shows that the defendant in that case was given a sentence of 5 to 7 years when the statute authorized 5 years to life imprisonment. The trial judge specifically stated at the time of sentencing that he had taken into consideration all time spent by the defendant while incarcerated in the Maricopa County Jail. The Arizona Supreme Court ruled that under the facts of that case the trial court used reasonable discretion and that there was no violation of the defendant's constitutional rights under the Fifth or Fourteenth Amendments of the United States Constitution. In that case the court made the following statement:

> "While the determination of the sentence is within the discretion of the trial court, the amount of time that a defendant has served in jail prior to conviction should be taken into consideration by the court in the passing of sentence." 106 Ariz. at 193, 472 P.2d at 62.

The case before us presents a fact situation of first impression for the appellate courts of this state; here the defendant's 54 days of pretrial incarceration, when added to the 4 year, 11 month minimum or the 5 year maximum sentence imposed, exceeds the 5 year maximum statutory sentence. Under this sentence there can be no presumption that the trial court gave the defendant credit for the time spent in jail prior to sentencing and for this reason we believe the sentence should be modified.

The American Bar Association Standards of Criminal Justice Relating to Sentencing Alternatives and Procedures reads:

"3.6 Credit.

> "(a) Credit against the maximum term and any minimum term should be given to a defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This should specifically include credit for time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to arrival at the institution to which the defendant has been committed."

Under the facts of this case and the present status of the law in Arizona, we find no absolute right to this credit for time spent in incarceration prior to the original release on probation. As stated by the Arizona Supreme Court in State v. Kennedy, supra,

> "While a court may take into consideration the time served in jail prior to sentence it is held to be not a matter of right but discretionary with the trial court." 106 Ariz. at 193, 472 P.2d at 62.

We believe this is the proper case for us to exercise our authority to modify this sentence under the provisions of A.R.S. § 13–1717, whereby the defendant is given credit for the 54 days of pretrial incarceration. The issuance of the mandate in this case will constitute a modification of the sentence changing that portion of the sentence appearing in the October 7, 1971 minutes from "said sentence shall begin as of September 13, 1971" to read "said sentence shall begin as of July 21, 1971."

This case was presented by the Office of the Public Defender of Maricopa County in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969).

Under the requirements of A.R.S. § 13–1715 we have examined the record for fundamental error and, with the exception of the modification of sentence, we find no further error.

**590**

The judgment of the trial court is affirmed as modified.

DONOFRIO, P. J., and STEVENS, J., concur.