512 P.2d 867

**STATE of Arizona, Appellee,**

v.

**Anthony Thomas PATRICELLA, Appellant.**

**No. I CA–CR 500.**

Court of Appeals of Arizona,
Division 1, Department B.

Aug. 2, 1973.

Gary K. Nelson, Atty. Gen., by William J. Schafer, III, Chief Counsel, Criminal Division, Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

JACOBSON, Chief Judge, Division One.

On October 23, 1970 an information was filed charging Anthony Thomas Patricella with two counts of robbery and two counts of assault with a deadly weapon. Apparently pursuant to a plea bargain on April 2, 1971, defendant entered a plea of guilty to an amended information charging him with a single count of grand theft in violation of A.R.S. § 13–661, § 13–663 and § 13–671. Upon defendant's guilty plea and a judgment of conviction entered by the superior court, defendant was placed on probation for five years. One of the conditions of defendant's probation was that he was to conduct himself as a law-abiding citizen at all times and to obey all laws of the United States, the State of Arizona and the community.

Defendant next appeared before the court on March 10, 1972, at "the time set for revocation hearing" on his previously granted probation. The following conversation between defendant and the court occurred:

"THE COURT: Your probation officer reports that you were arrested on November 27, 1971 on the charge of grand theft of a motor vehicle. He further reports that you were found guilty of these charges on January 25, 1972 after a trial to the jury, is that correct?[1]

"MR. PATRICELLA: Yes.

"THE COURT: It is the judgment of this court that you have violated your terms of probation, and it is ordered revoking your probation.

"Do you have anything to say or any legal cause to show why your sentence should not now be pronounced?"

Defendant's attorney then responded that there was no legal cause and requested that the sentence to be imposed by the court run concurrently with a ten to twelve year sentence which he was then serving on the motor vehicle theft conviction. Upon inquiry, defendant stated that the probation officer had been fully informed of any mitigating circumstances. Petitioner was then sentenced seven to ten years to run concurrently.

There is no indication in the record that defendant was given written notice, or any notice, of the revocation hearing or its grounds.

The only question raised on appeal is whether the procedures set by the U. S. Supreme Court in the case of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L. Ed.2d 484 (1972) for revocation of parole are applicable to revocation of probation. The U. S. Supreme Court itself has answered this question in the affirmative in the recent case of Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (decided May 14, 1973).

Since Department A of this court has adequately set forth the procedures now

---

1. This conviction was affirmed by the Arizona Supreme Court in State v. Patricella, 109 Ariz. 393, 510 P.2d 39 (1973).

necessary to revoke probation under *Morrissey* and *Gagnon* in the case of State v. Settle, 20 Ariz.App. 283, 512 P.2d 46 (decided July 12, 1973), it is unnecessary for us to repeat those procedures here for the edification of the bench and bar.

The only question remaining is whether *Morrissey* is applicable to the revocation of the defendant here. *Morrissey* was decided on June 29, 1972. The revocation hearing here was held on March 10, 1972. *Morrissey* by its express terms is to be given prospective application only "[such procedures] are applicable to *future* revocations." Morrissey v. Brewer, 408 U.S. at 490, 92 S.Ct. at 604, 33 L.Ed.2d at 499 (emphasis added). *See also,* People v. Vickers, 8 Cal.3d 451, 105 Cal.Rptr. 305, 503 P.2d 1313 (1972); State v. Settle, *supra.*

The defendant here was represented by counsel and admitted the conduct which was violative of the terms of his probation. Under this set of facts and the procedures applicable at that time, the trial court properly revoked defendant's probation. A.R.S. § 13–1657(B).

The order revoking probation and sentence imposed is affirmed.

EUBANK, P. J., and HAIRE, J., concur.