518 P.2d 590

**STATE of Arizona, Appellee,**

v.

**Charles SUTTON, Appellant.**

**No. I CA–CR 583.[1]**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 5, 1974.

Rehearing Denied April 18, 1974.

See 518 P.2d 590.

---

1. This case is erroneously briefed under 1 CA–CR 601. *See* State v. Sutton (Memorandum Decision; 1 CA–CR 601 filed December 27, 1973.)

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Chief Judge, Division 1.

This appeal presents the limited issue of whether a criminal defendant must be given credit in sentencing for time spent in presentence incarceration where the sentence actually imposed gives as a maximum the statutory limit but the minimum sentence plus the presentence incarceration time does not equal the statutory limit.

Defendant Charles Sutton on June 17, 1971, pled guilty to attempted burglary, second degree. This crime carries a possible maximum sentence of 2½ years. On July 1, 1971, imposition of sentence was suspended and the defendant was placed on probation for a period of 2½ years. At that time, this crime being a bailable of-fense but defendant being indigent, he had spent 67 days in jail awaiting trial and sentencing, from April 25, 1971 to July 1, 1971.

On November 15, 1972, the defendant's probation was revoked following a proper hearing and he was sentenced to a term of not less than two years nor more than 2½ years in the Arizona State Prison, the date of sentence to run from August 29, 1971. The August 29, 1971 date is the date defendant was arrested on subsequent charges which led to the revocation of his probation in the present case. In other words, defendant was given credit for time served in pre-revocation incarceration. There is no indication in the record, however, that the sentencing judge took into consideration the time spent by defendant in jail prior to being placed on probation on July 1, 1971.

The appellate courts of this state have recently considered some of the possibilities arising from a failure to give credit for presentence incarceration in sentencing. The first of these was the case of State v. Gordon, 19 Ariz.App. 339, 507 P. 2d 678 (1973). In *Gordon*, the sentence actually received plus the time spent in jail prior to sentencing did not exceed the maximum lawful sentence. The Court held:

> "The law is clear, however, that if the actual sentence imposed plus the time spent in jail does not exceed the maximum sentence which could be imposed, it will be conclusively presumed that the sentencing court gave the defendant credit for the presentence time spent in confinement." 19 Ariz.App. at 341, 507 P.2d at 680.

The next case where this issue was presented was State v. Postell, 19 Ariz. App. 587, 509 P.2d 718 (1973). In *Postell*, the defendant had served time in presentence confinement which when added to either the minimum or maximum sentence actually imposed, exceeded the statutory maximum sentence which defendant could have received for the crime charged.

While the *Postell* court declined to hold that the defendant was absolutely entitled under such circumstances to receive credit for time spent in jail prior to sentencing, the court granted this relief by modifying defendant's sentence to give credit for this time.

The court is now faced with the third factual possibility under our sentencing procedure, that is, that the presentence incarceration time when added to the minimum sentence imposed by the court does not exceed the statutory limit, but if added to the maximum sentence imposed, this statutory limit would be exceeded. Counsel has not cited to us any cases directly in point on this issue, nor has our independent research uncovered such a case. However, in our opinion, the sentence imposed in this matter cannot stand.

The legislature, in whose province is vested the right to legislate criminal penalties, has mandated that the maximum possible sentence that defendant could receive for the crime of which he was convicted was two and one-half years. In our opinion, neither the executive branch of our government through its law enforcement agencies or penal institutions, nor the judicial branch of government through its courts can thwart this legislative prerogative by extending the statutory limits. In this regard, from the defendant's standpoint, there is no distinction on the infringement of his freedoms between presentence incarceration and post-sentence incarceration. They both classify as jail time—punishment. Thus, to allow the executive or judicial branch of government to punish the defendant in excess of that which the legislature has allowed infringes upon the separation of powers of government and is prohibited.

For this reason, the maximum sentence received by the defendant in this case is unlawful, for should the defendant serve the full maximum time imposed under the sentence he will actually be punished for a period in excess of that imposed by the legislature. *See,* Parker v. Bounds, 329 F. Supp. 1400 (E.D.N.C.1971).

Having held that the maximum sentence imposed is unlawful, we cannot see how reference to the minimum sentence will save it. A defendant is entitled to know both the maximum punishment he will receive as well as the minimum. A.R.S. § 13–1643. Likewise, it is important for correctional institutions to know the maximum sentence imposed for purposes of computing eligibility for parole, computation of "good time", release time, and similar matters.

We have reviewed this case for any other error pursuant to the dictates of A.R.S. § 13–1715 and have found none.

Therefore, the judgment of conviction and order of revocation of probation are affirmed. The sentence imposed is reversed and the matter remanded for resentencing in accordance with the opinions expressed herein.

HAIRE, P. J., and EUBANK, J., concur.