521 P.2d 1126

**STATE of Arizona, Appellee,**

v.

**William Allen STARR, Appellant.**

**No. 2638.**

Supreme Court of Arizona,
En Banc.
May 13, 1974.

Gary K. Nelson, Atty. Gen., by Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Wm. Clark Kennedy, Kingman, for appellant.

HAYS, Chief Justice.

On September 5, 1972, appellant entered a plea of guilty to the crime of second degree murder. A hearing in mitigation was held, at which various people testified concerning the character and background of appellant. On September 25, 1972, the court entered a judgment of guilt and sentenced appellant to a term of 30 years to life in the Arizona State Prison. This appeal followed.

Appellant raises three issues for resolution: (1) that the sentence imposed is excessive and an abuse of discretion, (2) that the appellant was not allowed to exercise his right of allocution, and (3) that the *Boykin* requirements are applicable to sentencing, and that appellant should be given time credit on his sentence for the time spent in the county jail awaiting trial. For the reasons set forth below, we find no merit in the contentions raised by appellant, and the judgment of guilt and sentence imposed are affirmed.

Appellant's first contention is that the sentence imposed is excessive and constitutes an abuse of discretion. The facts surrounding the crime provide ample support for the sentence given. The victim was appellant's ex-wife. Appellant entered her apartment while she was gone and proceeded to read her letters, which indicated she had sexual relations with another man. When the victim returned, she and appellant argued and a fight began, during which appellant removed his belt and strangled her.

We defer to the judgment of the trial court as to the sentence imposed, for the trial court must weigh the defendant's character and future potential as a productive citizen against the nature of the crime and the need of protecting society from such an individual. As we have repeatedly stated, a sentence within the statutory limits is valid absent a clear abuse of discretion. State v. Leuck, 107 Ariz. 49, 481 P. 2d 842 (1971). We find no such abuse of discretion in the instant case.

Appellant's next argument concerns the common law right of allocution. Said right required that in all capital cases, the defendant be asked by the court for any reasons as to why judgment should not be pronounced. Schwab v. Berggren, 143 U. S. 442, 12 S.Ct. 525, 36 L.Ed. 218 (1892). Addressing the defendant personally, prior to imposing sentence, has been expanded to all felony cases (*see* Rule 330, former Rules of Criminal Procedure, 17 A.R.S.). In the instant case, the trial court did not address the appellant personally; rather, the question was propounded to counsel. For this failure, appellant asks that the

case be remanded for resentencing. To the extent that this was error, it is so insubstantial that resentencing is not warranted. Nothing in appellant's brief indicates that appellant could add anything to the record that was not elicited from those witnesses who testified on appellant's behalf at the mitigation hearing. Accordingly, we reject the request for resentencing.

Appellant's third argument is a novel proposition of law. Appellant argues that the *Boykin* requirements are applicable not only to the acceptance of a guilty plea but to sentencing as well. The thesis of *Boykin* is that the record show upon the entering of a guilty plea that the defendant is aware of the constitutional rights waived by said act and that the plea is knowingly, voluntarily and intelligently made. Sentencing does not involve the waiver of substantial constitutional rights once the plea has been accepted. Whether or not a defendant understands the range of sentences that can be imposed is dealt with when the plea is made and accepted. We can find no persuasive reason for extending the *Boykin* requirements to sentencing and decline to do so.

Appellant's final argument is to urge that appellant be given credit on his sentence for time served in the county jail prior to trial. This issue is disposed of in State v. Postell, 19 Ariz.App. 587, 509 P.2d 718 (1973). There, the court of appeals held "when the actual sentence imposed plus the time in jail does not exceed the maximum sentence which could be imposed, it will be conclusively presumed that the sentencing court gave the defendant credit for all presentence time spent in jail." We adhere to the position stated in *Postell, supra,* and deny the request for credit on the sentence for pretrial jail time.

We affirm the judgment of conviction and sentence imposed by the trial court.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.