532 P.2d 174

**The STATE of Arizona, Appellee,**

v.

**John Samaniego SALINAS, Appellant.**

**No. I CA–CR 766.**

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 25, 1975.

Rehearing Denied March 26, 1975.

Review Denied April 22, 1975.

Bruce E. Babbitt, Atty. Gen., by Teresa S. Thayer, Asst. Atty. Gen., Phoenix, for appellee.

. Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Presiding Judge.

The appellant-defendant John Samaniego Salinas entered a plea of guilty to the charge of burglary in the second degree and was placed on probation; probation was later revoked and he was given a 4 to 5 year prison sentence. Defendant now appeals the revocation of his probation and the sentence imposed, claiming that the trial court erred by:

1. Revoking his probation on hearsay testimony;

2. Failing to credit his sentence with presentence jail time.

## HEARSAY

The defendant claims that he was denied his constitutional right to confront the witnesses against him as guaranteed by the Sixth Amendment to the United States Constitution. He further contends that recent United States Supreme Court cases and cases from this State guarantee a defendant's right to confront and cross-examine adverse witnesses. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L. Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); State v. Settle, 20 Ariz.App. 283, 512 P.2d 46 (1973); State v. Patricella, 20 Ariz.App. 335, 512 P.2d 867 (1973).

At the first hearing the petition to revoke charged the defendant with violating the terms of his probation:

"The defendant used heroin on December 3, 1973. The defendant failed to remain in the drug rehabilitation programs, specifically Arizona Family, since December 21, 1973. The defendant failed to report to the Probation Officer on December 10, 17, 24, and 31 of 1973."

The defendant denied the violations.

At the second hearing to determine if the defendant had in fact violated the terms of his probation, the State called David Thomas Lonergan, deputy adult probation officer, who testified that he had visited and talked with the defendant after he was arrested for the probation violation. Lonergan also testified that the defendant had admitted to Michael Hodge, another probation officer, that he had violated the terms of his probation by using heroin, by leaving the drug rehabilitation program at Arizona Family and by failing to report to Hodge on December 10, 17, 24, and 31, 1973. Defendant objected to this testimony as hearsay. The trial court admitted the evidence and, at the conclusion of the hearing, the court found, by a preponderance of the evidence, that the defendant had violated the terms of his probation. There is nothing in the record that indicates why Michael Hodge, the probation officer who originally handled the case, was not called to testify.

In any analysis of the issue we must start with the proposition that the hearings to revoke probation are not full-blown trials. The United States Supreme Court, referring to the scope of the revocation hearing in Morrissey, stated:

"It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." 408 U.S. at 489, 92 S.Ct. at 2604.

The hearsay confrontation of witness issue was further clarified in Gagnon:

"An additional comment is warranted with respect to the rights to present witnesses and to confront and cross-examine adverse witnesses . . . While in some cases there is simply no adequate alternative to live testimony, we emphasize that we did not in Morrissey intend to prohibit use where appropriate of the conventional substitutes for live testimony . . ." 411 U.S. at 782, n. 5, 93 S.Ct. at 1760.

Rule 27.7c(3), Arizona Rules of Criminal Procedure, 17 A.R.S., specifically permits the trial court to admit hearsay evidence at a revocation hearing. The pertinent portion of the statute states that "[t]he court may receive any *reliable evidence* not legally privileged, including hearsay." [Emphasis added].

We must determine whether the evidence before the trial court attained the degree of reliability necessary to justify the revocation of defendant's probation. The testimony here was hearsay; however, it came from a highly reliable source. Unchallenged information presented by a county probation officer concerning communications and records within the probation department would normally be considered reliable information. The defendant did not cross-examine the officer; he did not testify or attempt to explain the alleged violations. He did not subpoena or call any witnesses to testify but rather chose to rest his entire defense on the hearsay objection to the State's evidence.

The burden of proof required to sustain a revocation of probation is by a preponderance of the evidence. State v. Pietsch, 109 Ariz. 261, 508 P.2d 337 (1973). The State presented admissible hearsay evidence to the court and that was the only evidence presented. The State, under the facts of this case, carried its burden of proof.

If, by judicial interpretation, the revocation of probation hearing becomes a full-blown trial, the future defendants appearing before the trial courts of this State could well be the losers. Such a mandate could only dissuade trial judges from granting probation as an alternative to incarceration, even in cases where such consideration is initially warranted.

While we believe it would have been better practice for the State to have called Hodge as a witness and avoid the hearsay objection, we do not believe the trial court committed reversible error in revoking defendant's probation. The order of the court revoking defendant's probation is affirmed. See State v. Brown, 23 Ariz.App. 225, 532 P.2d 167 (1975), for further discussion of this question.

## SENTENCE

The defendant was sentenced to 4 to 5 years in the Arizona State Prison. The maximum sentence for a second degree burglary is 5 years. At the time of sentence, defendant was given credit for all time served after his arrest as a probation violator, but he was not given credit for the 93 days he spent in jail prior to being placed on probation.

The defendant is entitled to have the 93 days' pretrial incarceration time credited to his sentence. A defendant must be credited with presentence jail time when such time, if added to the maximum sentence imposed, will exceed the maximum statutory sentence. State v. Sutton, 21 Ariz.App. 550, 521 P.2d 1008 (1974); State v. Sutton, 21 Ariz.App. 271, 518 P.2d 590 (1974); State v. Postell, 19 Ariz.App. 587, 509 P.2d 718 (1973).

We believe this is the proper case for us to exercise our authority to modify the sentence under the provisions of A.R.S. § 13-1717, whereby the defendant is credited with his 93 days of pretrial incarceration. The issuance of the mandate in this case will constitute a formal modification of the prior sentence imposed.

The judgment revoking defendant's probation is affirmed and the sentence imposed is affirmed as modified.

DONOFRIO and FROEB, JJ., concur.