**John J. BIEL, Plaintiff–Appellant,**

v.

**James A. LYNAUGH, Director, Texas Department of Corrections, Defendant–Appellee.**

No. 88–1814
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 15, 1989.

John J. Biel, Brazoria, Tex., pro se.

Mary Kay Sicola, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for defendant-appellee.

Before RUBIN, GARWOOD and DAVIS, Circuit Judges.

PER CURIAM:

Appellant John Jackson Biel, Jr. (Biel) appeals the district court's denial of his habeas corpus petition under 28 U.S.C. § 2254 challenging his 1982 Texas conviction and sentence for aggravated assault with a deadly weapon, enhanced by a prior felony conviction for involuntary manslaughter. We affirm.

Indictments filed in the 299th District Court of Travis County, Texas, charged Biel with the July 6, 1982 attempted aggravated rape of Gloria Rodriguez, enhanced, and burglary of a habitation, enhanced. Pursuant to a plea bargain, these indictments were dismissed, and in December 1982 Biel, waiving indictment, pleaded *nolo contendere* to an information charging the

July 6, 1982 offense of aggravated assault with a deadly weapon upon Gloria Rodriguez, Cause No. 68,417, enhanced by a May 1979 felony conviction of involuntary manslaughter, Cause No. 36,367 in the 252nd District Court of Jefferson County, Texas. The Travis County trial court, in December 1982, sentenced Biel in Cause No. 68,417 to serve fifteen years on his *nolo contendere* plea, with credit for time served since July 22, 1982 (the approximate time of his arrest on the July 6, 1982 offense).

Biel exhausted state remedies relative to his appellate habeas issue herein by state habeas. A judge of the Texas Court of Criminal Appeals denied relief in July 1986, without a written order.

Biel then filed this habeas petition under section 2254 in the court below. He alleged seven grounds, but he asserts only one ground on this appeal. The district court, adopting the magistrate's report, denied relief without an evidentiary hearing. Biel filed a timely notice of appeal.

Biel expressly limits his instant appeal to the single contention that he is constitutionally entitled to credit on his aggravated assault sentence for the time he served on the prior involuntary manslaughter conviction that was utilized for enhancement. He apparently served seventeen months and ten days on his May 1979 involuntary manslaughter conviction. He asserts that when he has completed his fifteen-year sentence imposed in December 1982, he will have served "in one form or another [*i.e.* including time served on the 1979 sentence], approximately 16 years, 5 months, and 10 days." Biel contends that this violates double jeopardy. He relies on *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (sentencing after retrial), and *Parker v. Bounds*, 329 F.Supp. 1400, 1402 (E.D.N.Car.1971) (credit for presentence incarceration).

Unenhanced, aggravated assault with a deadly weapon, a third degree felony, authorizes a sentence range of two to ten years' confinement. Texas Penal Code arts. 12.34(a), 22.02. Enhanced by any prior felony conviction, the offense is punishable as a second degree felony, with a sentence range of two to twenty years. *Id.* arts. 12.33(a), 12.42(a). As noted, Biel was sentenced to fifteen years for his aggravated assault with a deadly weapon offense as enhanced by his 1979 felony conviction for involuntary manslaughter.

In *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), the Court observed:

> "[Recidivist] statutes, though not in the precise procedural circumstances here involved, have been sustained in this Court on several occasions against contentions that they violate constitutional strictures dealing with double jeopardy, *ex post facto* laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities."

In *Gryger v. Burke*, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948), the prisoner contended that imposition of a life sentence as a fourth offender violated due process and double jeopardy. He was serving five to ten years on the fourth conviction alleged for enhancement when he was charged as a recidivist. 334 U.S. at 729, 730, 68 S.Ct. at 1257, 1258. In affirming the denial of relief to Gryger, the Court stated: "The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." 334 U.S. at 730, 68 S.Ct. at 1258.

As the state observes, if Biel's contention were correct, service of a lengthy sentence on a prior conviction would enable a defendant to avoid enhancement of his sentence upon conviction of a later lesser offense. Biel's contention is wholly without merit.

Having rejected Biel's sole claim on appeal, the judgment of the district court is accordingly

AFFIRMED.