NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

IAN GEORGE BARTELS, *Appellant.*

No. 1 CA-CR 15-0682
FILED 8-25-2016

Appeal from the Superior Court in Maricopa County
No. CR2010-139697-001
The Honorable J. Justin McGuire, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

**G O U L D**, Judge:

¶1          Ian George Bartels ("Defendant") appeals from the revocation of his probation and the resulting prison sentences.  Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal. Defendant was granted leave to file a supplemental brief *in propria persona*, and did not do so.

¶2          Our obligation in this appeal is to review "the entire record for reversible error."  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2016).[1]  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3          Defendant pled guilty to Amended Count One, Attempt to Commit Sexual Assault, a class three felony; no contest to Amended Count Two, Attempt to Commit Sexual Assault, a class three felony; and no contest to Amended Count Three, Kidnapping, a class two felony.  He was sentenced to 3.75 years' imprisonment on Amended Count Three and to lifetime probation on Amended Counts One and Two.  The probation terms for Amended Counts One and Two were ordered served consecutive to Amended Count Three and concurrent with each other.

¶4          After sentencing and following the completion of his prison term, Defendant violated his probation twice; both times, he was reinstated

---

[1]     Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

on probation. A third petition to revoke probation was filed on August 17, 2015. After a contested violation hearing the court found that Defendant had violated his probation. On September 24, 2015, Defendant's probation was revoked as to Amended Counts One and Two, and he was sentenced to consecutive 2.5 year prison sentences with credit for 101 days' time served on Amended Count One. Defendant timely appealed.

## DISCUSSION

¶5        A court may revoke a defendant's probation if the State proves a violation of probation by a preponderance of the evidence. Ariz. R. Crim. P. 27.8(b)(3); *State v. Salinas,* 23 Ariz. App. 232, 234 (1975). "We will uphold a trial court's finding that a probationer has violated probation unless the finding is arbitrary or unsupported by any theory of evidence." *State v. Thomas,* 196 Ariz. 312, 313, ¶ 3 (App. 1999).

¶6        The record supports the trial court's determination that Defendant violated the conditions of his probation. The petition alleged that Defendant violated Condition 21A of his probation by failing "to obtain permission before making any changes to his [intensive probation] schedule." The probation officer testified that based on his visits to Defendant's residence, as well as Defendant's admissions to him, Defendant violated this condition by not being at his residence as required by his schedule on multiple occasions during the month of July 2015. Additionally, the petition alleged that Defendant violated Condition 21D of his probation by having contact with minor children and K. Yates. Defendant admitted to his probation officer that he had unauthorized contact with Ms. Yates and her two minor children on multiple occasions.

¶7        We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *Clark*, 196 Ariz. at 541, ¶ 49. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the court's determination that Defendant violated his probation. Defendant was present and represented by counsel at all critical stages of the proceedings. At disposition, Defendant and his counsel were given an opportunity to speak and the court imposed a legal sentence.

## CONCLUSION

¶8        For the foregoing reasons, we affirm the court's revocation of Defendant's probation and resulting prison sentences. Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status

of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.



Amy M. Wood • Clerk of the court
FILED: AA