IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2012-0225 |
| | ) | DEPARTMENT B |
| Appellee, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| SUSAN IRENE HERNANDEZ, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF GILA COUNTY

Cause No. CR201100320

Honorable Robert Duber II, Judge

AFFIRMED

Thomas C. Horne, Arizona Attorney General
 By Kent E. Cattani, Joseph T. Maziarz, and
 David A. Sullivan                                                      Tucson
                                                      Attorneys for Appellee

Davis Miles McGuire Gardner, PLLC
 By Kirk Smith                                                          Tempe
                                                      Attorneys for Appellant

K E L L Y, Judge.

¶1          In this appeal from her conviction and sentence for luring a minor for

sexual exploitation, entered after a jury trial, Susan Hernandez argues the trial court erred

in sentencing her to a mitigated, two-year prison term rather than suspending her sentence and placing her on probation. Specifically, she maintains the trial court's imposition of a prison term punished her for refusing to make statements about her offense to a probation officer, thereby violating her Fifth Amendment right not to incriminate herself. For the following reasons, as well as those expressed in a separate memorandum decision, we affirm the conviction and sentence.[1]

## Background

**¶2** Before sentencing Hernandez to a mitigated term of imprisonment, the trial court stated it did not intend to place her on probation, citing a probation officer's report that Hernandez had declined to make any statements about her offense during the presentence investigation and, in the officer's opinion, would "not be able to successfully participate in sex offender treatment programs or probation" which "require frequent and frank discussion of the details of the offense that she says she didn't commit." Hernandez maintains "nothing in the record . . . suggests [she] was unwilling to participate in a counseling program"—as long as she "did not have to incriminate herself further by discussing the details of her case, or the surrounding circumstances." Citing *Jacobsen v. Lindberg*, 225 Ariz. 318, 321, 238 P.3d 129, 132 (App. 2010), and *State v. Hardwick*, 183 Ariz. 649, 656, 905 P.2d 1384, 1391 (App. 1995), she asserts the trial

---

[1]Because our resolution of other issues Hernandez raises on appeal does not meet the criteria for publication, we have addressed those issues in a separate memorandum decision pursuant to Rule 111(h), Ariz. R. Sup. Ct. and Rule 28(g), Ariz. R. Civ. App. P.

court's stated reasons for "excluding probation as a sentencing possibility" violated her right to remain silent.[2]

## Discussion

¶3　　　"We will not disturb a sentence that is within the statutory range absent an abuse of the trial court's discretion." *State v. Joyner*, 215 Ariz. 134, ¶ 5, 158 P.3d 263, 266 (App. 2007). And we will find such an abuse of discretion "only if the court acted arbitrarily or capriciously or failed to adequately investigate the facts relevant to sentencing." *State v. Cazares*, 205 Ariz. 425, ¶ 6, 72 P.3d 355, 357 (App. 2003).

¶4　　　It is well-settled that a state "may not impose substantial penalties because a witness elects to exercise his Fifth Amendment right not to give incriminating testimony against himself." *Lefkowitz v. Cunningham*, 431 U.S. 801, 805 (1977). Nor may a state "compel[] testimony by threatening to inflict potent sanctions unless the constitutional privilege is surrendered." *Id.* Thus, this court has concluded a defendant's sentence may not be aggravated based on his "lack of contrition," which "is, for legal purposes, tantamount to a refusal to admit guilt." *Hardwick*, 183 Ariz. at 656, 905 P.2d at 1391; *see also Mitchell v. United States*, 526 U.S. 314, 316-17 (1999) (Fifth Amendment protects right to remain silent at sentencing as well as at trial; in determining facts "which bear upon the severity of the sentence," court may not draw adverse inference from defendant's failure to testify at sentencing). On the other hand, "[i]f a

---

[2]The state contends we should regard review of this claim as forfeited for all but fundamental error. We decline to do so, for the reasons cited in *State v. Vermuele*, 226 Ariz. 399, ¶¶ 6, 9, 249 P.3d 1099, 1101, 1102 (App. 2011) (declining to limit appeal alleging sentencing error to fundamental error review where defendant "had no clear procedural opportunity to challenge the rendition of sentence before it became final").

[convicted] defendant admits his guilt, this can be used as additional mitigating evidence, provided the defendant is truly remorseful for his crime." *State v. Carriger*, 143 Ariz. 142, 162, 692 P.2d 991, 1011 (1984).

¶5　　　As our supreme court has explained, "the suspension of sentence is not a matter of right under any circumstances or in any instance, but is purely a matter of discretion in the trial court, i.e., it is a matter of grace and not of right." *State v. Douglas*, 87 Ariz. 182, 186, 349 P.2d 622, 624 (1960).　Thus, probation "is a sentencing alternative which a court may use in its sound judicial discretion when the rehabilitation of the defendant can be accomplished with restrictive freedom rather than imprisonment," *State v. Smith*, 112 Ariz. 416, 419, 542 P.2d 1115, 1118 (1975), and a court need not "spell out its reasons for either granting or denying probation," *Douglas*, 87 Ariz. at 187, 349 P.2d at 625.　Moreover, because the trial judge is better able "'to determine what is necessary to rehabilitate [the defendant] to constructive activity,'" we will sustain "the imposition of a lawful sentence and the denial of probation" absent an abuse of discretion. *State v. Moreno*, 109 Ariz. 266, 266, 508 P.2d 730, 730 (1973), *overruled on other grounds by State v. Lewis*, 109 Ariz. 466, 512 P.2d 9 (1973), *quoting State v. Maberry*, 93 Ariz. 306, 309, 380 P.2d 604, 606 (1963) (alteration added).

¶6　　　Although we have found no Arizona case on point, we agree with those jurisdictions that have concluded the Fifth Amendment does not preclude a sentencing court from considering a defendant's refusal to answer questions about the offense in determining whether he or she is a suitable candidate for probation. *See*, *e.g.*, *Dzul v. State*, 56 P.3d 875, 879-80, 883 (Nev. 2002) (Nevada law conditioning probation for sex

4

offenders on favorable psychosexual evaluation did not constitute compulsion offending Fifth Amendment; distinguishing between impermissibly increasing penalty due to defendant's silence and permissibly denying benefit of leniency, in form of probation, for same reason); *State v. Sosa*, 926 P.2d 299, 301 (N.M. 1996) (same distinction; denial of probation based on failure to cooperate did not violate Fifth Amendment; "we cannot see how failure to suspend a statutorily-prescribed sentence can ever be characterized as anything other than a 'refusal to grant leniency'") (citation omitted); *State v. Souder*, 105 S.W.3d 602, 608 (Tenn. Crim. App. 2002) (Fifth Amendment not violated by court's consideration of defendant's silence in context of rehabilitative potential relevant to grant of probation and not to determine facts of crime); *State v. Pritchett*, 69 P.3d 1278, ¶¶ 28, 36 (Utah 2003) (Fifth Amendment not violated by Utah statute limiting probation and residential treatment to sex offenders who admit offense of conviction; statute "grants a privilege to which the convicted child sex offender has no automatic right—placement in a resident treatment facility—in exchange for the offender choosing to admit culpability").

¶7        Because Hernandez had no right to a suspension of sentence or placement on probation, the trial court neither abused its discretion nor violated the Fifth Amendment by declining to grant her that leniency. The court's decision—based on an assessment that Hernandez was unlikely to succeed in sex offender treatment because she refused to discuss her offense—was not arbitrary or capricious, but grounded in the critical consideration of her potential for rehabilitation. *See Smith*, 112 Ariz. at 419, 542 P.2d at 1118. Nor was the mitigated sentence the court imposed a "substantial penalty"

5

for her silence, *Lefkowitz*, 431 U.S. at 805; rather, it was among the statutorily prescribed dispositions for her offense. *See* A.R.S. § 13-702(A) and (D); *see also Corbitt v. New Jersey*, 439 U.S. 212, 223-24 (1978) (defendant convicted after trial and therefore ineligible for sentence reduction not "punished for exercising [Fifth Amendment] right"; "defendants who are willing to plead [no contest] may be treated more leniently than those who go to trial, but withholding the possibility of leniency from the latter cannot be equated with impermissible punishment as long as our cases sustaining plea bargaining remain undisturbed").

¶8 We agree with the state that Hernandez's reliance on *Jacobsen v. Lindberg*, 225 Ariz. 318, 238 P.3d 129 (App. 2010), is misplaced. In *Jacobsen*, this court granted a probationer relief from an order requiring him to answer certain polygraph questions because we concluded the probationer was entitled to assert his Fifth Amendment privilege with respect to questions that might incriminate him in any future criminal proceedings. 225 Ariz. 318, ¶ 13, 238 P.3d at 134. But unlike Hernandez, who had no right to a suspension of her sentence, Jacobsen had a protected interest in the "'conditional liberty'" he had been granted when he was placed on probation. *State v. Eccles*, 179 Ariz. 226, 228, 877 P.2d 799, 801 (1994), *quoting Minnesota v. Murphy*, 465 U.S. 420, 436 (1984); *see also Escoe v. Zerbst*, 295 U.S. 490, 492 (1935) (probation has no constitutional basis but "comes as an act of grace to one convicted of a crime"); *but cf. Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 292-93 (1998) (even if state "has no duty to authorize parole or probation, if it does exercise its discretion to grant conditional liberty to convicted felons, any decision to deprive a parolee or a probationer of such

6

conditional liberty must accord that person due process") (Stevens, J., concurring in part and dissenting in part).

¶9        Moreover, the court in *Jacobsen* recognized our supreme court's conclusion that, although the state may neither require a waiver of Fifth Amendment rights as a condition of probation nor revoke a defendant's probation "'for a *valid* assertion of the privilege against self-incrimination, . . . [a] [d]efendant [on probation] must truthfully answer all questions that could not incriminate him in future criminal proceedings," and "'[t]o the extent he has lost the privilege on offenses for which he has been convicted, he must answer, even if his answers may be evidence of probation violations and result in revocation.'" *Jacobsen*, 225 Ariz. 318, ¶ 6, 238 P.3d at 132, *quoting Eccles*, 179 Ariz. at 228, 877 P.2d at 801 (alterations added; footnote omitted in *Jacobsen*). Here, Hernandez apparently refused to answer any questions related to the offense for which she had been convicted. Thus, in contrast to the defendant in *Jacobsen*, she has not suggested any answers she might have given could have incriminated her in future proceedings. *See id.* ¶ 4. Nor has she asserted that anyone attempted to coerce her to make statements by "either expressly or by implication" threatening punishment for a valid assertion of her Fifth Amendment rights. *Murphy*, 465 U.S. at 435 (constitutionally impermissible for state to create "classic penalty situation" involving "threat of punishment for reliance on the privilege"); *see also Eccles*, 179 Ariz. at 228, 877 P.2d at 801 (probation condition requiring probationer "to waive his right against self-incrimination under penalty of having his probation revoked" impermissible attempt to coerce waiver even if coercion ineffective).

7

**Disposition**

¶10        The trial court did not abuse its discretion or violate Hernandez's Fifth Amendment rights in sentencing her to a mitigated prison term.   Accordingly, her conviction and sentence are affirmed.


/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge


CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge


/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge