NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

STATE OF ARIZONA, *Appellee,*

*v.*

SAMPSON YAZZIE WEBB, *Appellant.*

No. 1 CA-CR 13-0619

FILED 06-17-2014

———————————————

Appeal from the Superior Court in Coconino County
No.  CR 2012-00397
The Honorable Jacqueline Hatch, Judge

**AFFIRMED**

———————————————

COUNSEL

Arizona Attorney General's Office, Phoenix
By Adele Ponce
*Counsel for Appellee*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maurice Portley joined.

---

**G O U L D**, Judge:

¶1  Sampson Yazzie Webb appeals the trial court's imposition of an aggravated prison sentence. Webb argues the trial court abused its discretion by aggravating his sentence based on two aggravating circumstances: (1) substantial physical harm to the victim, and (2) emotional harm to the victim. Because we find no abuse of discretion, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2  This case stems from an altercation between Webb and victim R.B. The confrontation escalated, and Webb stabbed R.B. with a knife. Webb was ultimately convicted by a jury of aggravated assault for intentionally, knowingly or recklessly causing physical injury using a deadly weapon or dangerous instrument (a knife), pursuant to Arizona Revised Statutes ("A.R.S.") section 13-1204(A)(2), a class 3 dangerous felony.[1]

¶3  At sentencing, the trial court determined that Webb would be sentenced as a dangerous offender pursuant to A.R.S. § 13-704(A). The trial court also found three aggravating circumstances: (1) Webb's extensive criminal history; (2) emotional harm to the victim; and (3) substantial physical harm to the victim. After weighing the aggravating and mitigating circumstances, the trial court decided to impose an aggravated prison sentence of ten years. Webb filed a timely appeal.

### DISCUSSION

¶4  Webb asserts the trial court abused its discretion in sentencing him to an aggravated prison term because there was insufficient evidence to support its finding of substantial physical harm

---

[1]  Absent material revisions after the relevant date, we cite to the current versions of all statutes.

and emotional harm as aggravating circumstances. Webb seeks to have his sentence vacated and "remanded for sentencing without consideration of substantial physical harm or emotional harm as aggravators."

**¶5**     "We will not disturb a sentence that is within the statutory range absent an abuse of the trial court's discretion." *State v. Joyner,* 215 Ariz. 134, 137, ¶ 5, 158 P.3d 263, 266 (App. 2007); *see State v. Hernandez*, 231 Ariz. 353, 355, ¶ 3, 295 P.3d 451, 453 (App. 2013). Moreover, "[we] will find an abuse of sentencing discretion only if the court acted arbitrarily or capriciously or failed to adequately investigate the facts relevant to sentencing." *State v. Cazares,* 205 Ariz. 425, 427, ¶ 6, 72 P.3d 355, 357 (App. 2003); *see Hernandez*, 231 Ariz. at 355, ¶ 3, 295 P.3d at 453. A trial court's finding of an aggravating circumstance must be (1) determined by a preponderance of the evidence, and (2) based on evidence that is substantiated in the record. A.R.S. § 13-701(F); *State v. Jones*, 147 Ariz. 353, 355, 710 P.2d 463, 465 (1985).

**¶6**     Webb concedes the trial court had discretion to sentence him within the aggravated prison range based on its finding he was convicted of a felony within ten years prior to the current offense. *State v. Martinez*, 210 Ariz. 578, 584-85, ¶¶ 21, 26, 115 P.3d 618, 624-25 (2005) (holding that a finding of a single aggravating circumstance is sufficient to expose a defendant to an aggravated prison range); A.R.S. §§ 13-701(C), -701(D)(11) (aggravating factor that defendant has been convicted of a prior felony within the past ten years may be found by a judge).[2] Webb also acknowledges that the trial court's reliance on "substantial physical injury"[3] as an aggravating circumstance pursuant to A.R.S. § 13-701(D)(9) is proper, even though "physical injury" is an element of the underlying offense of aggravated assault. *State v. Alvarez*, 205 Ariz. 110, 113 n.3, ¶¶ 6-8, 67 P.3d 706, 709 n.3 (App. 2003) (holding that aggravating factors listed in A.R.S. §13-702(C) (West 2001) may be used to aggravate a prison term

---

[2]     When Webb took the stand at trial, he admitted he had been convicted of a prior felony in 2006. *State v. Whitney*, 159 Ariz. 476, 485, 168 P.2d 638, 647 (1989) (stating that there is sufficient proof of a prior felony conviction for sentencing purposes if a "defendant admits the prior conviction[] during his testimony at trial"). In addition, during Webb's sentencing hearing a certified copy of his prior felony conviction was admitted into evidence.

[3]     Although the trial court used the phrase "substantial physical injury" as an aggravating circumstance, A.R.S. § 13-701(D)(9), simply lists "physical injury" as an aggravator.

even if they also constitute elements of the offense); *State v. Tschilar*, 200 Ariz. 427, 435, ¶ 33, 27 P.3d 331, 339 (App. 2001) (same).[4]

¶7          Webb first claims the trial court abused its discretion in finding substantial physical harm as an aggravating circumstance. Webb argues that R.B.'s stab wound was minor and not life-threatening. In addition, Webb asserts there is no evidence to support the court's finding that R.B.'s wound was "not that far from his heart." We disagree.

¶8          The record reflects that R.B. was stabbed in the chest by Webb, a few inches below R.B.'s heart. R.B. bled profusely from the wound, causing him to lose consciousness. R.B. was taken to the hospital, and it took approximately one and a half to two months for the wound to heal. Accordingly, we conclude there was sufficient evidence for the trial court to consider substantial physical harm as an aggravating circumstance.

¶9          Next, Webb asserts there is no evidence to support the trial court's finding of emotional harm as an aggravating circumstance. While Webb objected to the court's finding of substantial physical harm as an aggravating circumstance, he did not object to the court's finding of emotional harm as an aggravator; therefore, we review for fundamental error only. *State v. Henderson*, 210 Ariz. 561, 567–68, ¶¶ 19–20, 115 P.3d 601, 607–08 (2005). Under a fundamental error standard, Webb must demonstrate not only that fundamental error occurred, but also that he suffered prejudice as a result of the error. *Henderson*, 210 Ariz. at 567–68, ¶ 20, 115 P.3d at 607–08.

¶10          We find no error, much less fundamental error. The record shows that Webb stabbed R.B. in the driveway/front lawn of his girlfriend M.C.'s house while R.B. was celebrating M.C.'s birthday with her family; the stab wound was near R.B.'s heart, and several of M.C.'s family members were present when the stabbing occurred. Considering all these circumstances, we are unable to conclude the trial court erred in determining that R.B. suffered emotional harm from this incident.

---

4          An exception to this rule exists for the aggravating factors listed in A.R.S. §§ 13-701(D)(1) and 13-701(D)(2). Both of these statutes list factors that may be considered as aggravating factors "except if this circumstance is an essential element of the offense of conviction."

¶11 Finally, even if Webb were able to show the trial court erred in finding emotional harm as an aggravating circumstance, Webb has failed to show that he suffered any prejudice. *Henderson,* 210 Ariz. at 567–68, ¶ 20, 115 P.3d at 607–08. Prejudice cannot be established merely by speculating that a trial court may have imposed a lesser sentence absent consideration of the erroneous aggravating circumstance. *State v. Munninger*, 213 Ariz. 393, 397, ¶ 14, 142 P.3d 701, 705 (App. 2006) (holding that appellate court would not speculate as to whether the sentencing judge might have sentenced defendant to a lesser sentence if it had not considered an improper aggravating circumstance, where there was no support in the record for such speculation).

¶12 Webb does not cite to any evidence indicating that the trial court intended to impose a lesser prison term absent a finding of emotional harm. *Munninger*, 213 Ariz. at 397, ¶ 14, 142 P.3d at 705 ("It is plain from the transcript that the trial court intended to impose an aggravated sentence."). Indeed, emotional harm was not the only aggravator found by the trial court. In addition to finding substantial physical harm, the trial court stated that Webb's extensive criminal history was also an aggravating circumstance. In making its sentencing determination, the trial court stated that it placed "great weight" on the fact that Webb had an extensive criminal history, consisting of "at least six prior felonies" and "24 misdemeanors."

## CONCLUSION

¶13 For the reasons discussed above, we affirm Webb's sentence.



Ruth A. Willingham · Clerk of the Court
FILED: gsh