NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

CARLOS JUAN ORONA, *Appellant.*

No. 1 CA-CR 16-0699
FILED 10-5-2017

---

Appeal from the Superior Court in Mohave County
No. S8015CR201400974
The Honorable Steven F. Conn, Judge, *Retired*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Margaret H. Downie joined.

---

**B R O W N**, Judge:

¶1 Carlos Juan Orona appeals the superior court's order granting the State's petition to revoke his probation. He argues the court improperly relied on unreliable hearsay testimony. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 In October 2014, Orona pled guilty to possession of drug paraphernalia, a Class 6 felony, and was sentenced to three years' supervised probation. Condition one of the uniform probation conditions stated that Orona would "maintain a crime-free lifestyle by obeying all laws, and not engaging or participating in any criminal activity."

¶3 In November 2015, the State filed a petition to revoke Orona's probation, alleging he violated five conditions. In March 2016, the State supplemented the petition, alleging that Orona violated three additional probation conditions, including condition one, based on an alleged assault committed in February 2016. Orona denied the allegations.

¶4 At the outset of the probation violation hearing, and at the State's request, the superior court dismissed one of the alleged violations. The prosecutor then explained that the victim of the alleged assault had been contacted that morning but would not be present to testify due to "car trouble."

¶5 Deputy Williams testified that according to a sheriff's report, Deputy Martin responded to a delayed assault call around 9:05 a.m. on February 11, 2016, and spoke with the victim of the alleged assault. The victim described a verbal dispute that occurred between himself and his neighbor (Orona) over a "damaged fence line" the previous day at about 5:00 p.m. The victim also explained that the dispute ended when the victim and his child retreated to their home after Orona punched the victim, giving him a bloody nose and some scratches.

¶6 Williams further testified that Martin observed two small scratches on the victim's face, one to the right of his nose and the other above his right eye. Martin did not observe any swelling or bleeding. Martin also took pictures of the victim's injuries but they were not presented to the court.

¶7 Orona did not object to any portion of Williams's testimony. Orona's counsel cross-examined Williams, but Orona did not testify at the

hearing or present any additional evidence. During closing arguments, Orona's counsel argued that the State did not meet its burden of proof, but made no mention of the reliability of the double hearsay testimony.

¶8 Noting that Williams's double hearsay testimony was reliable pursuant to Arizona Rule of Criminal Procedure 27.8(b)(3), the superior court found that the State "just barely got over the bar" for proving that Orona violated condition one.[1] The court also found that the State failed to prove any of the other alleged probation violations. The court then reinstated Orona's supervised probation, extending his probation to September 2018, and this timely appeal followed.

## DISCUSSION

¶9 Orona argues that Williams's double hearsay testimony was unreliable because Williams did not hear the victim's statement, and the victim was Orona's accuser. Orona, however, failed to object to Williams's testimony in the superior court and therefore waived this argument unless he can show the court committed fundamental error by failing to disregard the evidence. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) ("[W]e place the burden of persuasion in fundamental error review on the defendant."). An error is fundamental if it goes to the foundation of the case, takes from the defendant a right essential to his defense, or is of such magnitude that the defendant could not possibly have received a fair trial. *Id.* at ¶ 20 (citations omitted). Additionally, the defendant must show that the error was prejudicial. *Id.*

¶10 In a probation violation hearing, "[t]he court may receive any reliable evidence not legally privileged, including hearsay." Ariz. R. Crim. P. 27.8(b)(3). Hearsay is reliable when it is "trustworthy," and is permitted in probation violation hearings "where, in the sound discretion of the trial court, the circumstances are such as to afford a reasonable assurance of the truthfulness of the hearsay." *State v. Stotts*, 144 Ariz. 72, 82 (1985) (citation omitted). The hearsay declarant's identity and level on the hearsay ladder are relevant factors in determining trustworthiness. *State v. Portis*, 187 Ariz.

---

[1] Hearsay is an out-of-court statement offered to "prove the truth of the matter asserted in the statement." Ariz. R. Evid. 801(c). Williams testified about the contents of a sheriff's report, which contained statements from the alleged assault victim. The victim's statements, which accused Orona of assault, were offered to prove that Orona committed the assault. Both the report and statements constitute hearsay and therefore, we refer to Williams's testimony as "double hearsay."

336, 339 (App. 1996).  And "[w]hen the reliability of such hearsay evidence goes unchallenged at a probation revocation hearing, the evidence is normally considered reliable." *Stotts*, 144 Ariz. at 82.

¶11     In *State v. Salinas*, 23 Ariz. App. 232 (1975), the superior court revoked the defendant's probation based solely on a probation officer's hearsay testimony.  23 Ariz. App. at 232-34.  The officer testified that another probation officer told him the defendant admitted to violating the probation conditions.  *Id.* at 233.  On appeal, we explained that the officer's unchallenged testimony regarding "communications and records within the probation department would normally be considered reliable information."  *Id.* at 234.  Instead of challenging the hearsay by testifying, cross-examining the probation officer, or calling any witnesses, the defendant relied only on his hearsay objection to the probation officer's testimony.  *Id.*  We therefore affirmed the court's order revoking the defendant's probation.  *Id.*

¶12     Like the internal communications and records of the probation department in *Salinas*, the sheriff's report (the first level of hearsay in this case) was reliable as an internal communication and record within the sheriff's office.  Although Orona cross-examined Williams, nothing in that exchange suggests the sheriff's report was unreliable communication.[2]  Thus, the superior court did not commit error, much less fundamental error, in finding the sheriff's report reliable.

¶13     On the other hand, the reliability of the second level of hearsay—the victim's statements regarding the alleged assault—was challenged during cross-examination.  Orona's counsel focused on the fact that Deputy Martin responded to the delayed assault call at a different location than where the alleged assault occurred.  It is also apparent from Williams's direct testimony that the victim had a dispute with Orona, his neighbor, over a damaged fence line, and the victim may thus have had a motive to falsely accuse Orona of punching him. Williams also testified that Martin did not observe any swelling or remnants of a bloody nose, and that the victim did not give his statement to Martin until about sixteen hours after the alleged assault occurred.  Without any other evidence, and given that the victim was second on the hearsay ladder, the circumstances

---

[2]     The only issues raised on cross-examination related to the location of the alleged assault, the fact that the deputy testifying was not involved in the investigation of the assault, observations of the victim's injuries, the victim's statements regarding his injuries, and the pictures showing the victim's injuries.

surrounding the victim's statement to the deputy suggest that the victim's statements may lack a reasonable assurance of truthfulness. *See Stotts*, 144 Ariz. at 82.

¶14 Other evidence, however, supports a finding of reliability. Williams testified that the police report noted there were two small scratches on the victim's face, one to the right of his nose and the other above his right eye. Because the superior court did not err in finding the sheriff's report reliable, as explained above, Martin's observations in his report about the scratches on the victim's face corroborate the victim's statement that he was punched in the face. With this corroborating evidence, we conclude there is a reasonable assurance that the hearsay was truthful. Thus, although the better practice would have been to postpone the hearing to a time when the victim could testify, the court did not fundamentally err in finding the victim's statements reliable.

¶15 Orona also argues the superior court based its finding that he violated condition one on insufficient evidence. Essentially, he argues the evidence is insufficient because the only evidence of the violation was Williams's double hearsay testimony.

¶16 In a probation violation hearing, the State is required to prove a probation violation occurred "by a preponderance of the evidence." Ariz. R. Crim. P. 27.8(b)(3). On review, we will uphold the finding that Orona violated condition one "unless that finding is arbitrary and unsupported by any theory of the evidence." *Stotts*, 144 Ariz. at 79.

¶17 The superior court found that Orona violated condition one by a preponderance of the evidence based on Williams's uncontradicted testimony, albeit based solely on hearsay. A court may revoke probation "based exclusively on hearsay testimony." *State v. Belcher*, 111 Ariz. 580, 582 (1975). Because Williams's testimony provided sufficient evidence that Orona committed an assault against the victim, the court's finding that he violated condition one is supported by the evidence.

¶18 Finally, Orona argues the superior court (1) violated his due process right under the Fourteenth Amendment to confront adverse witnesses by allowing the State to rely on double hearsay testimony; and (2) "improperly held the assertion of his privilege against self-incrimination against him, and shifted the burden of proof to [Orona], in violation of Appellant's Fifth and Fourteenth Amendment[] rights." Because Orona did not raise these issues in the superior court, we review for fundamental error. *State v. Lowery*, 230 Ariz. 536, 540, ¶ 11 (App. 2012).

¶19　　　　In a probation violation hearing, a defendant has a right to "due process of law, including the right to confront and examine one's accusers." *State v. Brown*, 23 Ariz. App. 225, 230 (1975). But the right to confrontation in that setting is not "of the same scope as afforded in the trial stage of the prosecution." *Id.* Indeed, our supreme court has held that allowing reliable hearsay in probation violation hearings complies with the due process right to confront and examine one's accusers. *Belcher*, 111 Ariz. at 581.

¶20　　　　Here, Williams's double hearsay testimony was reliable and therefore in compliance with *Belcher*. To the extent Orona argues his right to confrontation was violated because the court did not specifically find good cause for not allowing confrontation, that argument was put to rest in *Brown*: "[A] full reading of [U.S. Supreme Court precedent] reveal[s] that the parenthetical limitation of finding of 'good cause' was not meant to require a specific recitation thereof by the trial court." 23 Ariz. App. at 230. Thus, Orona's right to confront and examine his accusers was not violated.

¶21　　　　Second, Orona cites *State v. Eccles*, 179 Ariz. 226 (1994), for the proposition that defendants have Fifth and Fourteenth Amendment privileges against self-incrimination in probation violation proceedings. In *Eccles*, our supreme court held unconstitutional a probation condition that required the defendant to waive his Fifth Amendment privilege against self-incrimination. *Eccles*, 179 Ariz. at 228. The court also explained that the State is "prohibited from revoking probation for a legitimate invocation of the privilege against self-incrimination." *Id.*

¶22　　　　*Eccles* does not help Orona here. Although Orona denied all the alleged probation violations, nothing in the record indicates he was required to answer questions, let alone incriminating questions. His probation conditions did not require him to waive the privilege against self-incrimination, and the superior court did not revoke his probation based on him invoking the privilege. Instead, the court found that because there was no evidence—Orona's testimony or otherwise—to rebut the State's evidence that Orona violated condition one by committing an assault, the State proved by a preponderance of the evidence that Orona violated condition one. Thus, Orona failed to show he was denied any constitutional rights.

**CONCLUSION**

¶23        Based on the foregoing, we affirm the superior court's order finding that Orona violated his probation.



AMY M. WOOD • Clerk of the Court
FILED:  AA